# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| KIMBERLEY PHILLIPS<br><br>Plaintiff<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC. WELFARE BENEFIT PLAN,<br><br>Defendant. | **Civil Action No. 1:18-cv-00117-RP** |

## DEFENDANT CHARTER COMMUNICATIONS, INC. WELFARE BENEFIT PLAN'S MOTION TO TRANSFER VENUE

Defendant Charter Communications Welfare Benefit Plan ("the Plan"), by its undersigned counsel, hereby moves to transfer venue to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404 and the Plan's forum selection clause.

### STATEMENT OF FACTS

On February 6, 2018, Plaintiff Kimberley Phillips ("Phillips") filed a complaint against the Plan before this Court (the "Complaint," Dkt. No. 1). The Complaint asserted a single cause of action under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") to recover Phillips's past benefits and enforce her rights under the Plan (*Id.* at 1–2). Phillips alleges that she was an employee of Charter Communications, Inc. ("Charter"), and that she became disabled in 2017 during the course of her employment, which entitles her to receive disability benefits under the Plan. (*Id.* at 2.) She alleges that she submitted a short-term disability claim to the claims administrator, who ultimately denied benefits. (*Id.*) Phillips alleges that her administrative appeal was likewise denied. (*Id.*) After

purportedly exhausting her administrative remedies, Phillips brought the instant action to appeal the claims administrator's decision and recover benefits under the Plan. (*Id.*)

The Plan contains a forum selection clause, which states, in relevant part, that "[a]ny legal action [to appeal a denial of benefits under the Plan] shall be brought in a federal court sitting within the Eastern District of Missouri." (Plan at § 9.2.)[1]

## ARGUMENT

This matter should be transferred to the District Court for the Eastern District of Missouri in accordance with the valid forum selection clause contained in the Plan.

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). When considering a motion to transfer under section 1404, the court considers a series of non-dispositive factors.[2] However, the existence of a forum-selection clause "dramatically alters this analysis." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016). In such circumstances, "the plaintiff's choice of forum merits no weight because, by contracting for a specific forum, the plaintiff has effectively exercised its venue privilege before a dispute arises." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016) (internal citations and quotation marks omitted).

As the Supreme Court made clear, a valid forum-selection clause "should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487

---

[1] A copy of the Plan is attached hereto as Exhibit A.
[2] These factors are (1) access to evidence; (2) availability of compulsory process to secure witnesses; (3) cost of attendance for witnesses; (4) other issues that make trial of a case easy, expeditious and inexpensive; (5) court congestion; (6) local interest in having localized interests decided at home; (7) familiarity of the forum with governing law; and (8) avoidance of unnecessary conflicts of laws. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

U.S. 22, 29 (1988) (a contractual forum-selection clause is "a significant factor that figures centrally in the district court's calculus.").

The Plan, as amended and restated effective January 1, 2017, contains the following forum selection clause:

> **9.1 Claims and Appeal Procedure**. Claims for benefits and appeals of denied claims under the Plan shall be administered in accordance with ERISA, the regulations thereunder (and any other law that amends, supplements or supersedes such provisions of ERISA) and other applicable law, and the procedures adopted by the appropriate Claims Administrator (or the Administrator, depending on the nature of the claim) for such purpose, which procedures are set forth in the applicable Component Program Documents, which are incorporated herein by reference. . . .
>
> **9.2 Legal Actions.** In the event a claimant's request for benefits is denied (or deemed denied) under Section 9.1, such claimant may bring a legal action under §502(a) of ERISA. . . . **Any legal action that arises out of this Section 9.2 shall be brought in a federal court sitting within the Eastern District of Missouri.**

(Plan §§ 9.1, 9.2) (last emphasis added).

Forum selection clauses in ERISA plans apply to plan beneficiaries. *Grayden v. Texas Windstorm Ins. Ass'n*, No. 13-cv-184, 2013 WL 12077505, at *3 (collecting cases). Phillips admits that she brought the instant claim to appeal the denial of her short-term disability benefits (which was upheld upon administrative review), and to recover benefits under the Plan. (Compl. at 2.) Phillips's claim is thus governed by the Plan's forum selection clause.

The forum selection clause is valid and enforceable. Federal law governs the enforceability of forum selection clauses, an strongly favors their enforcement. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972); *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). Forum selection clauses are "prima facie valid." *M/S Bremen*, 407 U.S. at 10. A party resisting the forum selection clause must make a "clear showing" of its inapplicability.

*Haynsworth*, 121 F.3d at 962.  "This rule also applies to form contracts," *i.e.* unilateral contracts. *See Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

The Fifth Circuit has not yet answered whether forum selection clauses are enforceable in ERISA matters.  However, it has long upheld the enforceability of arbitration clauses in ERISA plans.  *Kramer v. Smith Barney*, 80 F.3d 1080, 1084 (5th Cir. 1996).  An arbitration clause is "in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute."  *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974).  Thus, "if ERISA does not prohibit parties from agreeing to arbitrate statutory ERISA claims outside of a judicial forum, *a fortiori* it does not prohibit parties from agreeing to resolve their dispute before a stipulated judicial forum."  *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guarantee Plan*, 2 F. Supp. 3d 928, 937–38 (W.D. La. 2014).  This Court has concurred with *Kramer* and *Haughton's* sound logic.  *See Davidson v. Ascention Health Long-Term Disability Plan*, No. 16-cv-193, 2017 WL 8682108, at *1 (W.D. Tex. Mar. 20, 2017) (Pitman, J.) (reasoning that "the Fifth Circuit would extend [*Kramer's*] reasoning to forum selection clauses").

In fact, this court, as well as the majority of district courts in the Fifth Circuit, have upheld the validity of forum selection clauses in ERISA plans.  *See, e.g.*, *Davidson*, 2017 WL 8682108, at *1 (Pitman, J.) (granting motion to transfer venue); *Haughton*, 2 F. Supp. 3d at 934 (same); *Grayden*, 2013 WL 12077505, at *6 (same).  The weight of authority – and this Court's previous, well-reasoned opinion – demand the same result here.

## CONCLUSION

The Plan respectfully requests that the Court grant its motion to transfer venue, transfer this action to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404 and the Plan's forum selection clause, and grant such other relief that the Court may deem appropriate.

Dated: April 9, 2018

By: */s/ Christina Ponig Maccio*
Christina Ponig Maccio
DLA PIPER LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002-5005
T 713.425.8436
F 713.300.6036
E christina.ponig@dlapiper.com

*Attorney for Plaintiff Charter Communications, Inc. Welfare Benefit Plan*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion to Transfer Venue has been served electronically via the Court's CM/ECF system on April 9, 2018 to all counsel of record.

By: *s/ Christina Ponig Maccio*
Christina Ponig Maccio
DLA PIPER LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002-5005
Tel: 713.425.8436
Fax: 713.300.6036