UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Kimberly Phillips** | § § § | |
| Plaintiff | § § | |
| vs. | § § | CIVIL NO.: 1:18-cv-117-RP |
| | § § | |
| **Charter Communications, Inc. Welfare Benefit Plan** | § § § | |
| Defendant | § § | |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant, Charter Communications, Inc. Welfare Benefit Plan ("the Plan") contends that the governing Plan document contains a valid forum selection clause requiring that this case be brought in a federal court sitting within the Eastern District of Missouri. The Plan is mistaken. The document the Plan submitted in support of its motion is not the controlling document in this case. The controlling document is the Summary Plan Description[1] ("SPD") for the Charter Communications, Inc. Short-Term Disability Program ("the STD Program"), which is a component program of the Plan. The SPD for the STD Program contains no forum selection clause—valid or otherwise—and specifically allows suit to be brought in any appropriate state or federal court.

---

1 Attached hereto as Exhibit "1"

1

Although the document which the Plan offers in support of its motion does, indeed contain a forum selection clause, that document has no bearing on this issue. The express terms of the Plan document on which the Plan relies makes clear that the SPD of its various component programs control cases under those component programs.

Since the forum selection clause on which the Plan relies does not apply to this case, and the Plan offers no additional, valid grounds for transfer of venue, the Plan's motion should be denied.

*Background*

Plaintiff, Kimberly Phillips is an employee of Charter Communications, Inc. On April 3, 2017, she filed a claim for short term disability benefits under her employee welfare benefit plan, the STD Program. Her claim was approved by the designated fiduciary of the Plan, effective April 22, 2017 and re-approved twice, before being denied, effective June 3, 2017. The STD Program provides a maximum of 26 weeks' benefits, so at the time her claim was denied, she had approximately 20 weeks' benefits remaining under the Plan.[2]

After exhausting her administrative remedies, Phillips filed this lawsuit under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") seeking to overturn the denial of her STD Program benefits.

---

[2] *See*, Exhibit 1, p. 2

2

*Structure of the Plan*

The Plan provides a wide variety of employee benefits to employees of Charter Communications, Inc. These benefits are segregated into various component programs.[3] Each program has a distinct Component Program Document, typically an SPD or an insurance policy, which governs the specific benefit provided by that program. The STD Program, for example has its own SPD, as does the Plan's Long Term Disability Program ("LTD Program"), Dental Program, Major Medical Program, etc.

Article 9 of the master Plan document outlines claims procedure, generally, for claims under the various components of the Plan. Although the portions of Article 9 the Plan excerpts in its motion do, in fact include a forum selection clause, the portions of Article 9 the Plan neglects to excerpt make clear that these general provisions are subject to differing provisions contained in the Component Program Documents of the various component programs.

In its motion, the Plan includes § 9.1 and § 9.2 of the master Plan document and highlights that portion of § 9.2 that acts as a forum selection clause. Both §§ 9.1 and 9.2 contain an important distinction, however, (lost to the Plan's ellipses) that qualify these claims procedures and make clear that the provisions of the individual Component Program Documents control claims under those programs. In its entirety, § 9.2 Provides:

> 9.2   Legal Actions. In the event a claimant's request for benefits is denied (or deemed denied) under Section 9.1, such claimant may bring a legal action under §502(a) of ERISA. Evidence presented in such action shall

---

3 *See, e.g.* "Exhibit B" to the Plan document, included at p. 32 of the Plan's Motion to Transfer Venue.

3

be limited to the administrative record reviewed by the Claims Administrator (or the Administrator, depending on the nature of the claim) in connection with its determination of the claimant's request under this Article 9. The administrative record shall include evidence timely presented to the Claims Administrator (or the Administrator) by the claimant, or his or her duly authorized representative, pursuant to this Article 9. **Notwithstanding anything in the Plan or this Section 9.2 to the contrary (except as specifically stated in a Component Program Document)**, no legal action at law or equity to recover benefits under the Plan may be filed unless the claimant has complied with and exhausted the administrative procedures under this Article 9, nor may such legal action be filed more than one year after the date on which the final adverse benefit determination under the Plan occurs. Any legal action that arises out of this Section 9.2 shall be brought in a federal court sitting within the Eastern District of Missouri.

Moreover, the master Plan document, which the Plan provides in support of its motion, specifies that the provisions of each separate Component Program Document supersede inconsistent provisions of the master Plan document.  The master Plan document provides:

> The Plan shall consist of (i) this written instrument…(iv) any Component Program Document incorporated herein by reference….The terms of a particular Component Program shall consist of this written instrument (or applicable portions of this written instrument) and each document incorporated by reference as a Component Program Document for that Component Program. **The Component Program Documents for a particular Component Program may modify or supplement the provisions of this written instrument…and shall supersede the other provisions of this written instrument to the extent necessary to eliminate inconsistencies between the provisions of this written instrument and the provisions of such Component Program Documents.**[4]

It is necessary, therefore to review the specific Component Program Document for

---

[4] Exhibit "A" to the Plan's Motion to Transfer Venue, Plan document, Article 1, p. 1 - 2.

4

a component program of the Plan before applying a general procedure contained in the Plan's master Plan document. Since the component program at issue in this case is the STD Program, we must look to the SPD for the STD Program.

ERISA requires that each employee benefit plan publish an SPD and furnish a copy to each participant. *See*, 29 U.S.C. § 1024(b)(1). *See also* 29 CFR 2520.104b-2(a). Exhibits 1 and 2 hereto are the required SPDs for the STD Program and LTD Program, respectively. Exhibit 3 is the Plan Administrator's transmittal letter identifying the SPDs as responsive to Phillips' request for the same.

ERISA regulations mandate the contents of each SPD and require that the SPD be accurate and contain, *inter alia*, procedures for reviewing denied claims. *See*, 29 CFR 2520.102.3, 2520.103(s).

The SPD for the STD Program must therefore accurately include the procedures for reviewing the denied claim at issue in this case. The question therefore becomes whether the SPD for the STD Program diverges from the master Plan document on the issue of forum selection. The answer to that question is: "Yes, it does".

*Exception to Forum Selection Clause*
*In STD Program*

The controlling Plan document in this case, the SPD for the STD Program, provides:

**Enforce Your Rights**

5

ERISA specifically provides for circumstances under which you may take legal action as a Plan Participant. For instance,

- If your claim for benefits to the Claims Administrator or Plan Administrator (as applicable) is denied in full or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules. **At the completion of that review process, you have a right to file suit in federal or state court.**[5]

The specific authority to file suit in federal or state court is broadly conferred, and distinctly different than the general clause in § 9.2 of the master plan document, that restricts any suit to a federal court sitting in the Eastern District of Missouri. The SPD for the STD Program contains no forum selection clause. It is apparent this is deliberate when contrasted with the SPD for the LTD Program.[6]

The SPD for the LTD Program adopts the forum selection clause included in § 9.2 of the master Plan document.[7] Specifically, it provides:

Any action in connection with the Plan, whether brought under 29 U.S.C. § 1132 or any other provision of the Employee Retirement Income Security Act of 1974, as amended, by a participant or beneficiary under the Plan or any other person, may only be brought in a federal district court sitting within the Eastern District of Missouri.

The inclusion of the forum selection clause in the LTD Program SPD, and its absence in the STD Program SPD is a strong indication that the Plan intended to allow employees to file STD Program lawsuits in the venue of their choice, but restrict LTD

---

[5] Exhibit 1, p. 23-24
[6] Exhibit 2, hereto
[7] Exhibit 2, p. 8

Program lawsuits to a single, preferred venue, a federal district court in the Eastern District of Missouri. This makes perfect sense.

Lawsuits seeking to overturn the denial of STD Program benefits are, by their nature, seeking a modest recovery. STD Program benefits are limited to a maximum of 26 weeks. When an STD Program claim is paid for a time before it is denied, as in the instant case, the lawsuit may be seeking to overturn the denial of a few weeks—or even a few days of benefits. In many instances, a short term disability claim makes little economic sense to litigate in federal court. They are brought primarily to preserve the right to later pursue long term disability benefits. The employee hopes to overturn the denial to collect her denied STD benefits, but also hopes her claim will be returned to the Plan Administrator so that her LTD claim can then be considered.

Even if a contractual forum selection clause is otherwise valid, a court can still refuse to apply it if doing so would be unfair. <u>See, e.g.</u> *M/S Bremen v. Zapata Off-Shore Co.*, 407, U.S.1, 18 (1972). Given the modest damages sought in an STD Program case, requiring a distant employee to file suit in a federal court sitting in the Eastern District of Missouri could be unjust. A Plaintiff, such as Ms. Phillips, may be unable to secure counsel to file such a case, since travel costs, alone, would likely dissuade local attorneys from accepting the case for purely economic reasons.

The Plan appears to have anticipated this issue and chosen not to limit the forum to bring an STD Program case, while maintaining it for LTD Program cases where far

greater damages are at stake. Requiring its employees to litigate STD Program cases involving relatively modest benefits in federal court in a distant state, could be seen as unjust and unduly restricting the employee's ability to secure judicial review of benefit claim denials. This could easily lead a court to refuse to enforce the forum selection clause, as allowed by *M/S Bremem*. The Plan avoids this possibility by wisely excepting the STD Program from the forum selection clause contained in the master Plan document.

*Conclusion*

While the forum selection clause in § 9.2 of the master Plan document may well be valid in other circumstances, the Plan's decision not to include the clause in the SPD for the STD Program renders that question moot. If the Plan wished to enforce the clause for STD Program cases, it was required to include the clause in the SPD for the Program, which was required to accurately reflect procedures for reviewing denied claims. Instead, the Plan chose terms that allow suit to be brought in state or federal court, without limitation to a particular forum.

The presence of the forum selection clause in the master Plan document is inconsistent with the absence of the forum selection clause in the STD Program SPD, and contrary to the broadly conveyed right to bring suit in state or federal court allowed by the terms of the STD Program STD. As per the terms of the master Plan document, the inconsistent terms in the master Plan document are therefore modified and superseded to the extent necessary to eliminate the inconsistencies. This effectively eliminates the

forum selection clause for STD Program cases.

Since the Plan offers no other, compelling reasons why this case should be transferred to a federal district court sitting in the Eastern District of Missouri, its Motion to Transfer Venue should be denied.

WHEREFORE, Plaintiff, Kimberly Phillips respectfully requests that Defendant's Motion to Transfer Venue be denied, and that the Court grant such further relief it deems appropriate.

Respectfully submitted,

Bemis, Roach & Reed
4100 Duval Rd.,
Bldg. 1, Ste. 200
Austin, Texas  78759
(512) 454-4000
(512) 453-6335 (facsimile)
lonnie@brrlaw.com

By:   /s/ Lonnie Roach
      LONNIE ROACH
      Texas State Bar No. 16967600

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on April 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, and by facsimile to:

Christina Ponig Maccio
DLA PIPER LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002-5005
(713) 300-6036
