# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

KIMBERLEY PHILLIPS

    Plaintiff

vs.

CHARTER COMMUNICATIONS, INC.
WELFARE BENEFIT PLAN,

    Defendant.

**Civil Action No. 1:18-cv-00117-RP**

## DEFENDANT CHARTER COMMUNICATIONS, INC. WELFARE BENEFIT PLAN'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

Defendant Charter Communications Welfare Benefit Plan ("the Plan"), by its undersigned counsel, hereby submits the following reply in support of its Motion to Transfer Venue to the United States District Court for the Eastern District of Missouri.

The Plan contains a valid forum selection clause, which states, in relevant part, that "[a]ny legal action [to appeal a denial of benefits under the Plan] shall be brought in a federal court sitting within the Eastern District of Missouri." (Plan at § 9.2.)[1] Plaintiff does not contest the clause's validity. She argues only that this forum selection clause is superseded by language in the Summary Plan Description ("SPD") for the short-term disability ("STD") component of the Plan,[2] which allows plaintiffs to "file suit in federal or state court." (Opp. at 5–6 (quoting STD SPD at 24).) Plaintiff then argues that even if the Plan's forum selection clause controls, the Court should decline to enforce it in light of policy considerations, and in the interests of justice. (Opp. at 7–8.) But Plaintiff's textual argument is premised on a misreading of Plan

---

[1] A copy of the Plan is attached to Defendant's Motion to Transfer Venue as Exhibit A.
[2] A copy of the short-term disability SPD is attached to Plaintiff's Opposition as Exhibit 1.

terms, and contravened by case law.  And Plaintiff's policy argument has been rejected by most courts, which hold that forum selection clauses serve to promote ERISA's policy goals.

*First*, the Plan's forum selection clause and the short-term disability SPD are entirely consistent.  Plaintiff claims that language in the short-term disability SPD – which states that claimants "have a right to file suit in federal or state court" – negates the Plan's forum selection provision.  But, as courts have overwhelmingly held, such language "merely informs the plan participant of concurrent state and federal jurisdiction" but does not preclude removal or confer any contractual rights onto plan participants.  *Payne. v. Hartford Life & Acc. Ins. Co.*, No. 07-cv-232, 2007 WL 2262942, at *2 (W.D. La. Aug. 3, 2007).

While the Fifth Circuit has not addressed this issue, the Seventh Circuit has held that "the phrase, 'you may file suit in a state or federal court' is a statutorily mandated disclosure of ERISA rights rather than a forum selection clause."  *Cruthis v. Metro. Life Ins. Co.*, 356 F.3d 816, 818 (7th Cir. 2004).  It is required "to comply with ERISA's disclosure requirements" and is taken almost verbatim from the ERISA model statement of rights.  *Id.* (citing to 29 C.F.R. § 2520.102-3(t)(2)). Here, quoted text appears in a section titled "Your Rights Under ERISA" and, like in *Curthis*, is a near-exact copy of the model language in 29 C.F.R. § 2520.102-3(t)(2).  It follows that, here, like in *Curthis*, "the plain language of the statement indicates that it is a disclosure of applicable law rather than a substantive contract provision" and the statement appears in the SPD merely "to comply with ERISA's disclosure requirements."  356 F.3d at 818.

The majority of courts, including several in this Circuit, hold that the phrase Plaintiff relies on is not a forum selection clause and does not preclude transfer of venue.  *See id.* at 819 (collecting cases); *Cass v. Allstate Ins. Co.*, No. 07-cv-4125, 2007 WL 3119437, at *1 (E.D. La. Oct. 23, 2007) (same); *Payne*, 2007 WL 2262942, at *2 n.4 (same).  Moreover, the Fifth Circuit

has endorsed this interpretation of ERISA when evaluating a judicial review provisions in a collective bargaining agreement. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 786 n.8 (5th Cir. 2012) (finding the *Curthis* court's "construction of ERISA persuasive.").

Plaintiff's argument – that the long-term disability ("LTD") SPD[3] "adopts the forum selection clause included in" the Plan (Opp. at 6) – does not change this analysis. The long-term disability SPD does state that "[a]ny action in connection with the Plan . . . may only be brought in a federal district court sitting within the Eastern District of Missouri." (LTD SPD at 8.) But it also states, in a section titled "Your Rights Under ERISA," that claimants "may file a suit in a state or federal court." (*Id.* at 14.) The latter phrase is substantially identical to the short-term disability SPD's statement that claimants may "file suit in federal or state court," (STD SPD at 24). Reading this phrase as a forum selection clause would mean that the long-term disability SPD contains dueling forum selection clauses. No such ambiguity exists if this phrase is instead read as a disclosure of rights.[4]

Interpreting this clause as a disclosure of rights would also dovetail with the Court's prior holding enforcing an ERISA forum selection clause. As this Court adopted, "Congress provided in ERISA's venue statute that an action may be brought in several venues" but "did not provide that private parties cannot narrow the options to one of these venues." *Davidson v. Ascension Health Long-Term Disability Plan*, No. 16-cv-193, at *8 (W.D. Tex. Feb. 1, 2017) (Dkt. No. 42) (citation omitted), *report and recommendation adopted*, No. 16-cv-193, 2017 WL 8682108, at *1 (W.D. Tex. Mar. 20, 2017) (Pitman, J.) (enforcing ERISA forum selection clause). In other

---

[3] A copy of the long-term disability SPD is attached to Plaintiff's Opposition as Exhibit 2.
[4] Courts should interpret agreements to "avoid inconsistencies or an interpretation which would render a contract provision superfluous or without effect." *Newcsi, Inc. v. Staffing 360 Sols., Inc.*, No. 14-cv-557, 2016 WL 184432, at *2 (W.D. Tex. Jan. 15, 2016), *report and recommendation adopted*, No. 14-cv-557, 2016 WL 4240070 (W.D. Tex. Apr. 18, 2016).

3

words, "nothing in [ERISA's] statutory language bars those negotiating ERISA plans from narrowing that menu of options to one venue in particular." *Id.* (collecting cases).

Since the short-term disability SPD does not contain a forum selection clause and does not otherwise conflict with the Plan document, the unambiguous forum selection clause in the Plan governs, and requires removal.[5]

***Second***, the Court should enforce the forum selection clause because it is consistent with ERISA's policy goals.  As the party attempting to defeat a valid forum selection clause, Plaintiff "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 67 (2013). Plaintiff argues that limiting claims to a single forum is unfair when many short-term disability lawsuits seek to overturn mere weeks or days of denied benefits.  (Opp. at 7.)  But limiting claims to a single forum "furthers one of the purposes of ERISA by 'bring[ing] a measure of uniformity in an area where decisions under the same set of facts may differ' as a result of geographic location."  *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430, 436–37 (S.D.N.Y. 2007) (quoting H.R.Rep. No. 93-533 (1973)).  Forum selection clauses "allow[] one federal court to oversee the administration of" and "gain special familiarity with" the Plan, "thereby furthering ERISA's goal of establishing a uniform administrative scheme." *Id.*

Plaintiff also argues that private-interest factors – such as the inability to secure counsel and travel costs – militate against enforcing the forum selection clause.  (Opp. at 7–8.)  But in the "presence of a valid forum-selection clause" the "district court may consider arguments about public-interest factors only" because the private-interest factors "weigh entirely in favor of the

---

[5]    Even if the language Plaintiff quotes may be in conflict the Plan's forum selection clause, the SPD makes clear that "[i]f there is any discrepancy between this SPD and the Plan document, ***the Plan document governs***."  (STD SPD at 1) (emphasis added).

preselected forum." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016).  And in any event, courts have enforced forum selection clauses in ERISA cases even when accounting for such private interest factors.  *See, e.g.*, *Grayden v. Texas Windstorm Ins. Ass'n*, No. 13-cv-184, 2013 WL 12077505, at *4 (W.D. Tex. June 24, 2013) (while plaintiff "may suffer some inconvenience in being required to litigate her claims over 1,500 miles from her home forum . . . ***most ERISA cases turn on the court's interpretation of plan documents and plan provisions, not individual testimony or discovery***" and any "burden is outweighed by the public's interest in having the claims arising under the [ERISA] plan at issue adjudicated in one district, pursuant to the contractually negotiated forum-selection clause.") (emphasis added).

Since public interest factors – as well as respect for the governing documents – weigh heavily in favor of enforcing the forum selection clause, the Court should enforce the clause and remove this matter.

## CONCLUSION

The Plan respectfully requests that the Court grant its motion to transfer venue, transfer this action to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404 and the Plan's forum selection clause, and grant such other relief that the Court may deem appropriate.

Dated: April 18, 2018

By: */s/ Christina E. Ponig*
Christina E. Ponig
DLA PIPER LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002-5005
T 713.425.8436
F 713.300.6036
E christina.ponig@dlapiper.com

*Attorney for Plaintiff Charter Communications, Inc. Welfare Benefit Plan*

5

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of Defendant Charter Communications, Inc.'s Reply in support of its Motion to Transfer Venue has been served electronically via the Court's CM/ECF system on April 18, 2018 to all counsel of record.

               By: *s/ Christina E. Ponig*
                   Christina E. Ponig